1    Douglas R. Pahl, OR Bar No. 950476
     DPahl@perkinscoie.com
2    PERKINS COIE LLP
     1120 N.W. Couch Street, 10th Floor
3    Portland, OR  97209-4128
     Telephone:  503.727.2000
4    Facsimile:  503.727.2222

5    Edwin H. Caldie, MN Bar No. 0388930
     *Pro hac vice pending*
6    ed.caldie@stinson.com
7    STINSON LLP
     50 S 6th St, Suite 2600
8    Minneapolis, MN 55402
     Telephone: (612) 335-1500
9    Facsimile: (612) 335-1657

10   Lucas L. Schneider, CO Bar No. 48125
11   *Admitted pro hac vice in Case No. 17-62772-tmr7*
     lucas.schneider@stinson.com
12   STINSON LLP
     1050 17th Street, Suite 2400
13   Denver, CO 80265
     Telephone: (303) 376-8414
14   Facsimile: (612) 335-1657

15   Blake Mark-Dias, OR Bar No. 030327
16   *Pro hac vice pending*
     William R. Squires III, OR Bar No. 102366
17   *Pro hac vice pending*
18   bmarksdias@corrcronin.com
     rsquires@corrcronin.com
19   CORR CRONIN LLP
     1001 Fourth Avenue, Suite 3900
20   Seattle, Washington 98154-1051
     Telephone: (206) 625-8600
21   Facsimile: (206) 625-0900

22   Attorneys for Third-Party Plaintiff
     *CenturyLink, Inc.*
23
24
25
26

THIRD PARTY COMPLAINT OF
CENTURYLINK, INC.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Case 20-06050-tmr    Doc 1    Filed 09/29/20

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re

JACOB JOEL MOON,

    and

KATIE JEAN BEAN,

           Debtors.

CENTURYLINK, INC.,

           Third-Party Plaintiff,

        v.

TPUSA, INC.,

           Third-Party Defendant,

    and

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

           Third-Party Defendant.

Case No. 17-62772-TMR7

Adversary Proceeding No. _____

**THIRD PARTY COMPLAINT OF CENTURYLINK, INC.**

(Breach of contract; Indemnification; Breach of
warranty; Breach of covenant of good faith and
fair dealing; Contribution)

THIRD PARTY COMPLAINT OF
CENTURYLINK, INC.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Third-Party Plaintiff CenturyLink, Inc., including its subsidiaries and affiliates as necessary for this action (collectively "CenturyLink"), appearing specially without waiving any jurisdictional defects, and as and for its Third Party Complaint ("Complaint") against the above captioned Third-Party Defendants, TPUSA, Inc. ("TPUSA") and AllianceOne Receivables Management, Inc. ("AllianceOne") (TPUSA and AllianceOne collectively being the "Third-Party Defendants"), jointly and severally, alleges as follows:

## PARTIES

1.      Third-Party Plaintiff CenturyLink, Inc. is a Louisiana corporation with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.  CenturyLink, Inc. is a holding company, with affiliates and subsidiaries that are separate and distinct entities, one of which is CenturyTel Service Group, LLC, a Louisiana limited liability company with its principal place of business at 100 CenturyLink Drive, Monroe, Louisiana 71203.

2.      Third-Party Defendant TPUSA, Inc. is a Delaware corporation with its principal place of business, based upon information and belief, located at 5295 South Commerce Drive, Suite 600, Murray, Utah 84107.

3.      Third-Party Defendant AllianceOne Receivables Management, Inc. is a Delaware corporation with its principal place of business, based upon information and belief, located at 4850 East Street Road, Suite 300, Trevose, Pennsylvania 19053.

## JURISDICTION AND VENUE

4.      This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a) – (b), in part due to CenturyLink's breach of warranty claim, breach of covenant of good faith and fair dealing claim, and contribution claim being wholly dependent on 11 U.S.C. § 524 establishing the standard of care and standard of the professional and workmanlike manner, consistent with industry standards, by which one must comply regarding discharge orders.  This adversary proceeding is commenced pursuant to Rule 7014(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

PAGE  1-      THIRD PARTY COMPLAINT OF
              CENTURYLINK, INC.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

5.     Alternatively, this is a "related to" proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(c)(1) and 1334(a) – (b), for the same reason as stated in paragraph 4 above and because this Complaint hinges upon both the existence of and the effects of the discharge order in the above-referenced bankruptcy case.  This adversary proceeding is commenced pursuant to Rule 7014(a)(1) of the Bankruptcy Procedure.

6.     Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

7.     The Court has personal jurisdiction over the Third-Party Defendants.

## GENERAL ALLEGATIONS

8.     On or about May 14, 2020, CenturyTel Service Group, LLC, AllianceOne, and TPUSA executed Amendment No. 2 to Statement of Work No. PRA1351.SS10 ("Amendment No. 2"), Amendment No. 2 being "subject to the terms of the Agreement No. PRA1351.0 entered into November 2, 2006, as amended (the "Agreement")," Amendment No. 2 attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

9.     Section II., titled "Amendment," at paragraph G., all of Amendment No. 2, requires, among other terms and conditions, that "Supplier," which includes AllianceOne and TPUSA combined, "[W]ill indemnify CenturyLink for all costs, liabilities or expenses, including reasonable attorneys' fees and costs, relating to any third-party claim based on, or relating to, any actual or alleged violations (as manifested in the form of CenturyLink's receipt of a claim including, without limitation, a demand letter) by CenturyLink, through acts or omissions by Supplier on CenturyLink's behalf, of applicable laws, rules, regulations or orders (which, for the avoidance of doubt, includes any actual or alleged violations arising out of or relating to any acts or omissions of Supplier)."  (Ex. A).

10.    Section II., titled "Amendment," at paragraph G., all of Amendment No. 2, further states that, "Supplier will, at its option, settle or defend the claim using its own counsel and at its own expense (the responsibility for all expenses incurred related to the defense and any settlement of the claim will be exclusively borne by Supplier effective from CenturyLink's tendering of the claim to Supplier)."  (*Id.*) The same further states that, "If CenturyLink is forced to initiate a defense of a claim due to Supplier's

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

failure to defend or settle the claim in accordance with this paragraph, and at any time thereafter CenturyLink agrees to tender the ongoing defense of and/or efforts to settle the claim to Supplier, Supplier will reimburse CenturyLink on demand for all costs, liabilities or expenses, including reasonable attorneys' fees (as described in reasonably detailed invoices supplied to Supplier) and costs, incurred by CenturyLink in defending the claim prior to Supplier assuming the ongoing defense of and/or settlement efforts." (*Id.*).

11. The Agreement incorporated within Amendment No. 2, at paragraph 20, states that, "Supplier represents and warrants that: . . . All Services performed under this MSA will be performed in a professional and workmanlike manner, consistent with industry standards; [and] . . . All Services will conform to the requirements and Specifications, and will be free from deficiencies and defects in materials, workmanship, design and/or performance . . . ."

12. The Agreement, at paragraph 38, states that, "This MSA will be governed by the laws of the State of Colorado without reference to its choice of law rules."

13. On July 1, 2020, the above-referenced debtor, Jacob Joel Moon ("Moon"), filed a Contempt Motion ("Contempt Motion") [Dkt. No. 27], seeking "a contempt order against CenturyLink, Inc.," alleging that CenturyLink, Inc. attempted to collect a debt of Moon's previously discharged in December 2017 in the above-referenced bankruptcy case, all through a series of phone calls.

14. On July 14, 2020, CenturyLink filed its Motion to Dismiss, Motion for More Definite Statement, Pursuant to Fed. R. Civ. P. 12(b)(6), 12(e) [Dkt. No. 29], the Court, on August 18, 2020, entering the Order Denying Motion to Dismiss and Granting Motion for More Definite Statement [Dkt. No. 41].

15. On September 1, 2020, Moon filed his First Amended Contempt Motion [Dkt. No. 45].

16. On September 15, 2020, CenturyLink filed its Objection to First Amended Contempt Motion [Dkt. No. 48], attached hereto as <u>Exhibit B</u> and incorporated herein by reference, stating, among other defenses, that, "Moon's missed or unanswered calls of unknown content from the phone number of 844-212-0179 was from a phone number that CenturyLink traced to TPUSA, Inc. (dba Teleperformance

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

USA) and AllianceOne Receivables Management, Inc., an independent contractor that is not a parent, affiliate, or subsidiary of CenturyLink."

17. Furthermore, between August 13, 2020 and September 16, 2020, CenturyLink has provided Moon, under reservation of rights, two rounds of responses to requests for admission in which CenturyLink detailed that Moon's missed or unanswered calls of unknown content from the phone number of 844-212-0179 was from a phone number that CenturyLink traced to TPUSA and AllianceOne.

18. Also, between August 19, 2020 and August 25, 2020, CenturyLink and Moon have been engaged in motion practice regarding discovery, with Moon filing his Motion to Compel [Dkt. No. 42], forcing CenturyLink to file its Response to Motion to Compel; Request for Protective Order [Dkt. No. 44], CenturyLink stating, among other things, that Moon has engaged in premature discovery per LBR 7026-1(a)(1) given the lack of any Rule 26 conference, scheduling conference, or scheduling order to present.

19. Ultimately, based upon information and belief as a result of CenturyLink's investigation, CenturyLink believes that the Third-Party Defendants independently made the alleged calls to Moon that form the basis for Moon's First Amended Contempt Motion, including to the extent the alleged calls would constitute a violation of Moon's discharge order.

20. Between July 27, 2020 and the present, CenturyLink and the Third-Party Defendants have been in regular e-mail and phone contact, during which CenturyLink timely and in conformance with Amendment No. 2 tendered this matter to the Third-Party Defendants.

21. The Third-Party Defendants have failed to accept tender of this matter or defend or indemnify CenturyLink as required under Amendment No. 2, also constituting a breach of Amendment No. 2, further causing a breach of the duty of good faith and fair dealing, all by the Third-Party Defendants, jointly and severally, causing CenturyLink present and future damages, including but not limited to the incurring of attorney's fees, court costs, and other expenses in the defense of the matter that resulted from the "acts or omissions by Supplier."  (Ex. A, Section II., titled "Amendment," at paragraph G.)

PAGE  4-    THIRD PARTY COMPLAINT OF
            CENTURYLINK, INC.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Case 20-06050-tmr    Doc 1    Filed 09/29/20

1      22.     Furthermore, to the extent Moon proves his claims, the Third-Party Defendants have,

2 jointly and severally, breached the warranties provided in the Agreement, and are also liable to

3 CenturyLink for contribution.

### COUNT I: BREACH OF CONTRACT

5      23.     CenturyLink hereby re-alleges and incorporates the preceding allegations as if fully alleged

6 herein.

7      24.     CenturyLink's affiliate, CenturyTel Service Group, LLC, and the Third-Party Defendants

8 entered into Amendment No. 2, a valid and enforceable agreement.

9      25.     CenturyLink, including its affiliate CenturyTel Service Group, LLC, fully and timely

10 performed the obligations under Amendment No. 2, including by tendering this matter to the Third-Party

11 Defendants and regularly providing information and updates to the Third-Party Defendants thereafter.

12      26.     The Third-Party Defendants, jointly and severally, breached Amendment No. 2 by, without

13 limitation, failing to accept tender, failing to defend CenturyLink at the cost of the Third-Party Defendants,

14 and/or failing to indemnify CenturyLink for the attorney's fees, costs, and expenses incurred by

15 CenturyLink in this matter, all as further required by Amendment No. 2.

16      27.     As a direct and proximate result of the Third-Party Defendants' breach of Amendment No.

17 2, CenturyLink has suffered damages, including to the present, attorney's fees, court costs, and other

18 expenses in the defense of the matter, in addition to future attorney's fees, court costs, other expenses, and

19 any damages payable to Moon, all in an amount to be determined at trial.

### COUNT II: INDEMNIFICATION

21      28.     CenturyLink hereby re-alleges and incorporates the preceding allegations as if fully alleged

22 herein.

23      29.     CenturyLink's affiliate, CenturyTel Service Group, LLC, and the Third-Party Defendants

24 entered into Amendment No. 2.

25      30.     Amendment No. 2, at Section II., titled "Amendment," at paragraph G., contains an

26 indemnification clause that requires, among other indemnification duties, that the Third-Party Defendants,

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Case 20-06050-tmr    Doc 1    Filed 09/29/20

1 "[W]ill indemnify CenturyLink for all costs, liabilities or expenses, including reasonable attorneys' fees

2 and costs, relating to any third-party claim based on, or relating to, any actual or alleged violations (as

3 manifested in the form of CenturyLink's receipt of a claim including, without limitation, a demand letter)

4 by CenturyLink, through acts or omissions by Supplier on CenturyLink's behalf, of applicable laws, rules,

5 regulations or orders (which, for the avoidance of doubt, includes any actual or alleged violations arising

6 out of or relating to any acts or omissions of Supplier)."

7    31.    CenturyLink, including its affiliate CenturyTel Service Group, LLC, fully and timely

8 performed the obligations under Amendment No. 2, including by tendering this matter to the Third-Party

9 Defendants and regularly providing information and updates to the Third-Party Defendants thereafter.

10    32.    The Third-Party Defendants, jointly and severally, have failed to accept tender, failed to

11 defend CenturyLink at the cost of the Third-Party Defendants, and/or failed to indemnify CenturyLink for

12 the attorney's fees, costs, and expenses incurred by CenturyLink in this matter, all as further required by

13 Amendment No. 2.

14    33.    As a direct and proximate result, CenturyLink has suffered damages, including to the

15 present, attorney's fees, court costs, and other expenses in the defense of the matter, and in addition will

16 suffer future damages in the form of attorney's fees, court costs, other expenses, and any damages payable

17 to Moon, all in an amount to be determined at trial, all which the Third-Party Defendants are required to

18 indemnify CenturyLink for.

19             **COUNT III:  BREACH OF WARRANTY**

20    34.    CenturyLink hereby re-alleges and incorporates the preceding allegations as if fully alleged

21 herein.

22    35.    The Third-Party Defendants, jointly and severally, warranted through the Agreement,

23 which is incorporated into Amendment No. 2, that, "Supplier represents and warrants that: . . . All Services

24 performed under this MSA will be performed in a professional and workmanlike manner, consistent with

25 industry standards; [and] . . . All Services will conform to the requirements and Specifications, and will

26 be free from deficiencies and defects in materials, workmanship, design and/or performance . . . ."

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

36.     With regard to violations of discharge orders, as alleged by Moon in Moon's First Amended Contempt Motion, the United States Bankruptcy Code at 11 U.S.C. § 524 establishes the standard of the professional and workmanlike manner, consistent with industry standards, by which the Third-Party Defendants must comply regarding discharge orders and the provisioning of the services in Amendment No. 2 and the Agreement.

37.     CenturyLink, including CenturyTel Service Group, LLC, are entities reasonably expected to benefit from and be affected by the services warranted in the Agreement and Amendment No. 2.

38.     The services that the Third-Party Defendants jointly and severally provided CenturyTel Service Group, LLC, an affiliate of CenturyLink, Inc., to the extent any of Moon's claims are proven, were not as expressly warranted.

39.     The Third-Party Defendants jointly and severally breaching the warranty directly and proximately caused damages to CenturyLink, including to the present, attorney's fees, court costs, and other expenses in the defense of the matter, and in addition any future damages in the form of attorney's fees, court costs, other expenses, and any damages payable to Moon, all in an amount to be determined at trial, that CenturyLink suffers.

40.     CenturyLink, within a reasonable time after CenturyLink discovered or should have discovered the breach of warranty, notified the Third-Party Defendants of the breach.

**COUNT IV:  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING**

41.     CenturyLink hereby re-alleges and incorporates the preceding allegations as if fully alleged herein.

42.     Under Colorado law, the covenant of good faith and fair dealing is implied into Amendment No. 2 and the Agreement.

43.     With regard to violations of discharge orders, as alleged by Moon in Moon's First Amended Contempt Motion, the United States Bankruptcy Code at 11 U.S.C. § 524 establishes the standard of care by which the Third-Party Defendants must comply regarding discharge orders and the provisioning of the services in Amendment No. 2 and the Agreement.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1    44.     The Third-Party Defendants, jointly and severally, breached the covenant of good faith and

2    fair dealing by, without limitation, failing to accept tender, failing to defend CenturyLink at the cost of

3    the Third-Party Defendants, and/or failing to indemnify CenturyLink for the attorney's fees, costs, and

4    expenses incurred by CenturyLink in this matter, all as further required by Amendment No. 2.

5    45.     The Third-Party Defendants, jointly and severally, further breached the covenant of good

6    faith and fair dealing by, without limitation, breaching the warranty within the Agreement as plead above,

7    also by failing to abide by the discharge orders and 11 U.S.C. § 524, to the extent Moon proves his claims.

8    46.     As a direct and proximate result, CenturyLink has suffered damages, including to the

9    present, attorney's fees, court costs, and other expenses in the defense of the matter, and in addition will

10   suffer future damages in the form of attorney's fees, court costs, other expenses, and any damages payable

11   to Moon, all in an amount to be determined at trial.

12                          **COUNT V:  CONTRIBUTION**

13   47.     CenturyLink hereby re-alleges and incorporates the preceding allegations as if fully alleged

14   herein.

15   48.     Moon seeks to recover damages from CenturyLink for the alleged calls plead in Moon's

16   First Amended Contempt Motion.

17   49.     The Third-Party Defendants, jointly and severally, owed a duty of care to CenturyLink,

18   including contractually through the Agreement, which is incorporated into Amendment No. 2, the

19   Agreement detailing the duty of care at paragraph 20, stating that, "Supplier represents and warrants that:

20   . . . All Services performed under this MSA will be performed in a professional and workmanlike manner,

21   consistent with industry standards; [and] . . . All Services will conform to the requirements and

22   Specifications, and will be free from deficiencies and defects in materials, workmanship, design and/or

23   performance . . . ."

24   50.     Further, the Third-Party Defendants, jointly and severally, in Section II., titled

25   "Amendment," at paragraph G., all of Amendment No. 2, committed to indemnifying CenturyLink for

26   "all costs, liabilities or expenses, including reasonable attorneys' fees and costs, relating to any third-party

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1 claim based on, or relating to, any actual or alleged violations . . . by CenturyLink, through acts or

2 omissions by Supplier on CenturyLink's behalf, of applicable laws, rules, regulations or *orders* . . . ." (Ex.

3 A) (emphasis added).

4     51.    With regard to violations of discharge orders, as alleged by Moon in Moon's First

5 Amended Contempt Motion, the United States Bankruptcy Code at 11 U.S.C. § 524 establishes the

6 standard of the professional and workmanlike manner, consistent with industry standards, by which the

7 Third-Party Defendants must comply regarding discharge orders and the provisions of the services in

8 Amendment No. 2 and the Agreement.

9     52.    To the extent any of Moon's claims are proven against CenturyLink, CenturyLink has

10 incurred, and will occur in the future, damages, including to the present, attorney's fees, court costs, and

11 other expenses in the defense of the matter, and in addition will suffer future damages in the form of

12 attorney's fees, court costs, other expenses, and any damages payable to Moon, all in an amount to be

13 determined at trial, all which the Third-Party Defendants are responsible for.

14     53.    In resolving Moon's claims, CenturyLink will have paid, or will pay, more than its

15 respective share of liability.

16     54.    To the extent any of Moon's claims are proven, each Third-Party Defendant, jointly and

17 severally, is responsible for paying CenturyLink their proportionate share of damages that are attributable

18 to the Third-Party Defendants', jointly and severally, actions regarding their failure to comply with

19 applicable orders, breaching Amendment No. 2 and the Agreement as plead above, breaching the warranty

20 within the Agreement as plead above, failing to indemnify CenturyLink under Amendment No. 2 as plead

21 above, and/or breaching the covenant of good faith and fair dealing as plead above.

22

23 **<u>PRAYER FOR RELIEF</u>**

24     **WHEREFORE,** CenturyLink prays that judgment be entered in its favor and against the Third-

25 Party Defendants:

26

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

1    1.    Awarding CenturyLink monetary damages from the Third-Party Defendants, jointly and

2    severally, for the Third-Party Defendants' breaches of contract, indemnification duties, breaches of

3    warranty, breaches of the covenant of good faith and fair dealing, and contribution;

4    2.    Awarding reasonable attorney's fees and costs, including pursuant to the indemnification

5    terms in Amendment No. 2 and any other terms or conditions of the Agreement or Amendment No. 2;

6    3.    Awarding pre- and post-judgment interest; and

7    4.    Awarding CenturyLink such other relief as the Court deems just and proper.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

1

2    DATED:  September 29, 2020          **PERKINS COIE LLP**

3                                        By: */s/ Douglas R. Pahl*
                                            Douglas R. Pahl, OR Bar No. 950476
4                                           DPahl@perkinscoie.com
                                            1120 N.W. Couch Street, 10th Floor
5                                           Portland, OR  97209-4128
                                            Telephone:  503.727.2000
6                                           Facsimile:  503.727.2222

7                                           Edwin H. Caldie, MN Bar No. 0388930
                                            ed.caldie@stinson.com
8                                           STINSON LLP
                                            50 S 6th St, Suite 2600
9                                           Minneapolis, MN 55402
                                            Telephone: (612) 335-1500
10                                          Facsimile: (612) 335-1657

11
                                            Lucas L. Schneider, CO Bar No. 48125 *Admitted*
12                                          *pro hac vice in Case No. 17-62772-tmr7*
                                            lucas.schneider@stinson.com
13                                          STINSON LLP
                                            1050 17th Street, Suite 2400
14                                          Denver, CO 80265
                                            Telephone: (303) 376-8414
15                                          Facsimile: (612) 335-1657

16
                                            Blake Mark-Dias, OR Bar No. 030327 *Admission*
17                                          *pending*
                                            William R. Squires III, OR Bar No. 102366
18                                          *Admission pending*
                                            CORR CRONIN LLP
19                                          1001 Fourth Avenue, Suite 3900
                                            Seattle, Washington 98154-1051
20                                          Telephone: (206) 625-8600
                                            Facsimile: (206) 625-0900
21

22                                      Attorneys for Third-Party Plaintiff
                                        *CenturyLink, Inc.*
23

24

25

26

PAGE  11-   THIRD PARTY COMPLAINT OF
            CENTURYLINK, INC.